## Case No. 11,450.

### PROVIDENCE v. MANCHESTER.

[5 Mason, 59.] [1]

Circuit Court, D. Rhode Island. June, 1828.

EQUITY — ANSWER DENYING PLAINTIFF'S EQUITY.

A bill in equity was brought against a feme sole to compel her to make an acknowledgment of a deed, made by her and her late husband in his lifetime, of her land, on a sale thereof. In her answer, she denied all equity; and asserted, that the sale was without her consent, and that she received no part of the consideration money. It was *held*, that the plaintiffs were not entitled to any relief.

[Cited in brief in Hempstead v. Easton, 33 Mo. 145.

This was a bill in equity against the defendant [Mary Manchester], for an injunction to a suit brought in this court to recover certain land belonging to her, of which a deed had been executed by herself and her husband in his lifetime, on a sale thereof to the plaintiffs. The acknowledgment had not been taken in the form prescribed by the act of Rhode Island (Dig. 1798, p. 267, § 7), so that it was incompetent to bind her. There was also a prayer for general relief. The answer denied all equity; and asserted, that the defendant had received no part of the purchase money; that the sale was on her part involuntary, and under the influence of her husband; that she did not know the contents of the deed; that she never made any contract for the sale; and never intended to make any acknowledgment, unless forced to it. The cause was set down for argument upon bill and answer.

Whipple & Searle, for plaintiffs. Crapo & Richmond, for defendant.

STORY, Circuit Justice. The answer denies all equity. No contract was made for the sale with the defendant; she received no part of the purchase money; and now insists, that the acknowledgment, such as it is, was involuntary on her part, and produced by the influence of her husband. Under these circumstances, standing wholly uncontradicted, there can be no decree for an injunction or any other relief. The bill must therefore be dismissed with costs. Bill dismissed accordingly.